# EXHIBIT A

Richard Kellner, CA Bar No. 171416
rlk@kellnerlaw.com
KELLNER LAW GROUP PC
315 S. Beverly Dr., Ste 504
Beverly Hills, CA 90212-4316
Telephone: 310-780-6759
Facsimile: 310-277-0635

Paul J. Lukas, MN Bar No. 22084X*
lukas@nka.com
Brock J. Specht, MN Bar No. 0388343*
bspecht@nka.com
Benjamin J. Bauer, MN Bar No. 0398853*
bbauer@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
* admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFFS AND THE
PROPOSED CLASS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Chad Rocke, et al.,

Plaintiffs,

v.

Allianz Asset Management of America LLC, et al.,

Defendants.

**Case No. 8:23-cv-00098-CJC-KES**

**CLASS ACTION**

**SETTLEMENT AGREEMENT**

1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Named Plaintiffs, all Class Members, and AAM, as defined herein.

## 1. ARTICLE 1 – RECITALS

**1.1** On January 17, 2023, Chad Rocke and Christopher Collins (the "Named Plaintiffs"), participants in a defined contribution 401(k) retirement plan known as the AAM Asset Management of America L.P. 401(k) Savings and Retirement Plan ("Plan"), filed a Class Action Complaint (Case No. 8:23-cv-00098) against AAM Asset Management of America, LP, and the Retirement Plan Committee of the AAM Asset Management of America L.P. 401(k) Savings and Retirement Plan, and John Does 1-30[1] in the United States District Court for the Central District of California, asserting claims for breach of fiduciary duty and failure to monitor fiduciaries under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

**1.2** On April 10, 2023, the defendants moved to dismiss the Complaint.

**1.3** On May 1, 2023, Plaintiffs Rocke and Collins filed an Amended Complaint, adding Plaintiff Emily Liu as an additional Named Plaintiff, modifying the Defendants to name Allianz Asset Management of America LLC ("AAM") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee") (collectively, "Defendants"), and adding additional information to support their claims.

**1.4** On May 18, 2023, the Named Plaintiffs and the Defendants filed a Joint Motion to Stay the deadline for Defendants to respond to the Amended Complaint while they engaged in targeted discovery and settlement negotiations. After ongoing arm's length negotiations between counsel, the Settling Parties reached a settlement.

---

[1] The Doe Defendants are or were unnamed members of the Committee during the putative class period.

The terms of the settlement are memorialized in this Settlement Agreement.

**1.5**    To avoid the risks and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties wish to fully and finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

**1.6**    The Named Plaintiffs and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in significant benefits to the Class.

**1.7**    Defendants deny all liability to the Named Plaintiffs, deny all of the claims made in the Action, deny all allegations of wrongdoing made in any of the complaints in this action, and deny that the Named Plaintiffs, the Plan, or any of the Plan's current or former participants suffered any losses. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plan. This Settlement Agreement, and the discussions preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' part of any fault or liability whatsoever.

**1.8**    The Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

## 2.  ARTICLE 2 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.15), unless otherwise defined, the following terms have the meanings specified below:

**2.1**    "AAM" means Allianz Asset Management of America LLC.

**2.2**     "Action" means the action captioned Chad Rocke, et al. v. Allianz

Asset Management of America LLC, et al., No. 8:23-cv-00098-CJC-KES, in the United States District Court for the Central District of California.

**2.3** "Active Account" means an individual investment account in the Plan with a balance greater than $0.00.

**2.4** "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the calculations pursuant to the Plan of Allocation; (d) all fees and expenses associated with the Settlement Website and telephone support line described in Article 12; and (e) all other fees and expenses of the Settlement Administrator, Independent Fiduciary, and the Escrow Agent. Excluded from Administrative Expenses are any internal expenses incurred by AAM and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.5** "Alternate Payee" means a person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a participant's balance during the Class Period, and the relevant Plan account had an Active Account in the Plan during the Class Period.

**2.6** "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action, which shall be recovered from the Gross Settlement Amount.

**2.7** "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

4

**2.8** "Beneficiary" means a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual or trust designated by the Current Participant or Former Participant as determined under the terms of the Plan who currently is entitled to a benefit.

**2.9** "Business Days" refers to the days between Monday and Friday of each week, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

**2.10** "CAFA" means Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.11** "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.12** "Class Counsel" means Paul Lukas, Brock Specht, and Ben Bauer of Nichols Kaster, PLLP, 4700 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402, and Richard Kellner of Kellner Law Group PC, 315 S. Beverly Dr., Ste 504, Beverly Hills, CA 90212-0635.

**2.13** "Class Members" means each individual in the Settlement Class.

**2.14** "Class Period" means the period from December 27, 2017, through the date the Court enters the Preliminary Order.

**2.15** "Named Plaintiffs" means Chad Rocke, Christopher Collins, and Emily Liu.

**2.16** "Named Plaintiffs' Compensation" means the amount awarded by the Court as compensation for the services provided by the Named Plaintiffs in the Action and the risks assumed by the Named Plaintiffs in the Action.

**2.17** "Court" means the United States District Court for the Central District of California.

**2.18** "Court of Appeals" means the United States Court of Appeals for the

Ninth Circuit.

**2.19**    "Current Participant" means a Class Member who has an Active Account in the Plan as of the date of the Preliminary Order.

**2.20**    "Defendants" means all defendants named in the Amended Complaint, including AAM, the Committee, and the Doe Defendants.

**2.21**    "Defense Counsel" means counsel for AAM, Groom Law Group, Chartered.

**2.22**    "Designated Investment Alternative" means any investment option available to Plan participants in the Plan's investment lineup, excluding any investments exclusively available through the Plan's Self-Directed Brokerage Account ("SDBA") option.

**2.23**    "Effective Approval Order" means the Final Approval Order once it becomes Effective.

**2.24**    "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Effective thirty-one (31) calendar days after its entry.

**2.25**    "Escrow Agent" means Alerus, or another entity agreed to by the Settling Parties.

**2.26**    "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's request for Attorneys' Fees, Costs, and Administrative Expenses;

and the Named Plaintiffs' request for Named Plaintiffs' Compensation; and (c) whether to finally approve the Settlement pursuant to Fed. R. Civ. P. 23.

**2.27** "Final Approval" means the entry of the Final Approval Order.

**2.28** "Final Approval Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.29** "Former Participant" means a Class Member who participated in the Plan during the Class Period but did not have an Active Account as of the date of the Preliminary Order.

**2.30** "Former Participant Claim Form" means the form described generally in Paragraph 3.3.2 and substantially in the form attached as Exhibit 1.

**2.31** "Gross Settlement Amount" means the sum of seven million, five hundred thousand dollars ($7,500,000), contributed to the Qualified Settlement Fund pursuant to Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Named Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the settlement effectuated through this Settlement Agreement, pursuant to Paragraph 5.6.

**2.32** "Independent Fiduciary" means the person or entity selected by AAM to serve as an independent fiduciary to the Plan with respect to the Settlement Agreement for the purpose of rendering the determination described in Article 3 herein.

**2.33** "Committee" means the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan.

**2.34** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) all Named Plaintiffs' Compensation approved by the Court; and (c) all Administrative Expenses approved

by the Court.

**2.35** "Plan" means the Allianz Asset Management of America 401(k) Savings and Retirement Plan.

**2.36** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein.

**2.37** "PTE 2003-39" means U.S. Department of Labor Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended.

**2.38** "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.39** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 herein as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.40** "Released Parties" means (a) each Defendant; (b) each Defendant's past, present, and future direct and indirect parent companies ; (c) each Defendant's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (d) with respect to (a) through (c) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers (including their owners and employees), consultants, subcontractors, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, personal representatives, heirs, executors, administrators, associates, and all persons acting under, by, through, or in concert with any of them; and (e) the Plan and any

and all administrators, fiduciaries, parties in interest, and trustees of the Plan.

**2.41** "Released Claims" means any and all claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, including both known and unknown claims, whether class, derivative, or individual in nature against any of the Released Parties and Defense Counsel:

   a) That are based on any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the Action (including any assertion set forth in the Complaint or Amended Complaint, or any other submission made by the Named Plaintiffs, Class Members, or Class Counsel in connection with the Action) that arise out of, relate to, are based on, or have any connection with: (1) the overall structure, management, monitoring, administration, size and/or expenses of the Plan; (2) the selection, monitoring, oversight, retention, fees, expenses, numerosity, performance history (or absence of performance history), performance, or any other attributes of the Designated Investment Alternatives available under the Plan; (3) any alleged conflict of interest, self-dealing, or improper reversion of funds with respect to the Plan; (4) fees, costs, or expenses charged to, paid, or reimbursed by, or authorized to be paid or reimbursed by the Plan; (5) disclosures, filings or failures to disclose information regarding the Plan's Designated Investment Alternatives, fees, expenses, performance, or related services or service providers; (6) disclosures or failures to disclose relationships among fiduciaries and investment managers for the Plan; and/or (7) any assertions with respect to any fiduciaries of the Plan or the selection or monitoring of those fiduciaries in connection with the foregoing;

   b) That would be barred, including by res judicata or other

legal or equitable doctrine, based on entry by the Court of the Final Approval Order;

c)      That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation; or

d)      That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.42**   "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.43**   "Settlement Administrator" means Analytics Consulting, LLC, an independent contractor to be retained by Class Counsel and approved by the Court for purposes of sending the Settlement Notices to the Class, establishing the Settlement Website and telephone support line, and administering the Settlement as provided in this Settlement Agreement.

**2.44**   "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.45**   "Settlement Class" means all participants and beneficiaries of the Plan at any time during the Class Period, excluding Defendants, their directors, and any employees with responsibility for the Plan's investment or administrative functions.

**2.46**   "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 11.

**2.47**   "Settlement Notices" means the Notices of Class Action Settlement and Fairness Hearing to be transmitted by the Settlement Administrator to Class Members following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4, including the Notice of Class Action Settlement and Fairness Hearing to Current Participants, and the Notice of Class

Action Settlement and Fairness Hearing to Former Participants, respectively. The Settlement Notices shall inform Class Members of all information required by Rule of Civil Procedure 23 and due process, including their right to object to the Settlement and to attend the Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notices may be heard regarding: (a) the terms of the Settlement Agreement; (b) Class Counsel's request for an award of Attorneys' Fees and Costs and Administrative Expenses; and (c) any requested Named Plaintiffs' Compensation. The Settlement Notices also shall inform Former Participants of the Claims Deadline by which they must submit a completed Former Participant Claim Form to the Settlement Administrator in order to be eligible for a distribution pursuant to the Plan of Allocation.

**2.48** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

**2.49** "Settlement Website" means the internet website established pursuant to Paragraph 12.1.

**2.50** "Settling Parties" means AAM and the Named Plaintiffs, on behalf of themselves and each of the Class Members.

**3. ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

**3.1** The Independent Fiduciary shall be retained by AAM, on behalf of the Plan, to determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

**3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39.

**3.1.2** The Independent Fiduciary shall notify AAM of its determination in writing and in accordance with PTE 2003-39 which notification shall be delivered no later than thirty (30) calendar days before

the Fairness Hearing. AAM will provide Class Counsel with a copy of the Independent Fiduciary's written notification no later than three (3) business days after receiving the written notification.

**3.1.3** All fees and expenses associated with the Independent Fiduciary's determination will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.1.4** AAM, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.2** On or before August 18, 2023, the Named Plaintiffs, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement, and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court, as to the Action, shall, among other things:

**3.2.1** Certify the Settlement Class for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

**3.2.2** Approve the text of the Settlement Notices for mailing and email to Current Participants and for mailing to Former Participants;

**3.2.3** Approve the text of the Former Participant Claim Form for mailing to Former Participants;

**3.2.4** Order the Settlement Administrator to (i) transmit a Settlement notice by email to each Current Participant for which the Plan's recordkeeper provides a valid email address, or, if no valid email address is available, by first class mail and (ii) mail by first class mail a Settlement Notice and a Former Participant Claim Form to each Former Participant;

**3.2.5** Find that the foregoing distribution of the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class

Members, and complies fully with the requirements of Fed. R. Civ. P. 23 and any other applicable law;

**3.2.6**   Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**3.2.7**   Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan;

**3.2.8**   Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Approval Order, and (iii) the Court should approve the application for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation;

**3.2.9**   Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defense Counsel. To be timely sent, the objection and any supporting documents must be sent to Class Counsel and Defense Counsel at least twenty-eight (28) days prior to the scheduled Fairness Hearing;

**3.2.10** Provide that any party may file a response to an objection by a Class Member at least fourteen (14) days before the Fairness Hearing;

**3.2.11** Set a deadline of no later than fourteen (14) calendar days before the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation; and

**3.2.12** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court.

**3.3** Within forty (40) days of the Preliminary Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1** Cause to be mailed or emailed to each Class Member a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4, to Current Participants and Former Participants, respectively, or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent by email to the email address of each Current Participant provided by the Plan's recordkeeper (or its designee), and by first-class mail, postage prepaid, to the last known address of each Former Participant provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). For any Current Participant for which the Settlement Administrator becomes aware that the email address provided by the Plan's recordkeeper is no longer valid or active, the Settlement Administrator shall send the Settlement Notice by first class mail to the last known address of that Current Participant provided by the Plan's recordkeeper (or its designee). The Settlement Administrator also shall post a copy of the Settlement Notice on

14

the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

      **3.3.2**  Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4**  The Plan's recordkeeper or its designee(s) will provide the Settlement Administrator with all information necessary to send the Settlement Notices and carry out the Plan of Allocation no later than ten (10) Business Days before the Settlement Notices are to be distributed.

      **3.4.1**  The Settlement Administrator shall treat the information provided by the Plan's recordkeeper as confidential and shall comply with any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

      **3.4.2**  The Settlement Administrator shall use the data provided by AAM and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

      **3.4.3**  The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

## 4.   ARTICLE 4 – FINAL SETTLEMENT APPROVAL

**4.1**  No later than fourteen (14) days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit 5), which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement

Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1   For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2   For a determination that emailing the Settlement Notices to Current Participants and mailing the Settlement Notices to Former Participants constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members was provided, consistent with Federal Rules of Civil Procedure 23 and the requirements of due process;

4.1.3   For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Named Plaintiffs on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

4.1.4   That the Named Plaintiffs and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class

Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

4.1.5   That the Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

4.1.6   That the Named Plaintiffs and each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

4.1.7   That all applicable CAFA requirements have been satisfied;

4.1.8   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court;

4.1.9   That, with respect to payments or distributions to Authorized

17

Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion; and

**4.1.10** That within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.1.11** The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

**4.2** The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Approval Order.

## 5. ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

**5.1** No later than ten (10) Business Days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the

appropriate filing to occur.

**5.2** For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3** Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within twenty (20) Business Days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to AAM in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, AAM, or its agents or insurers, will deposit fifty percent of the Gross Settlement Amount ($3,750,000) into the Qualified Settlement Fund.

5.5     Within twenty (20) Business Days after the Settlement Effective Date, AAM, or its agents or insurers, will deposit the remainder of the Gross Settlement Amount ($3,750,000) into the Qualified Settlement Fund.

5.6     In no event shall AAM or any of the Defendants be required to make payments or incur any expenses in excess of the Gross Settlement Amount. The Gross Settlement Amount shall be the only amount paid by AAM under this Settlement Agreement, and AAM shall not be obligated to make any other payments to the Named Plaintiffs, Class Counsel, or the Class Members under this Settlement Agreement or in connection with this Settlement.

5.7     The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.8**    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.9**    Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) First, within five (5) Business Days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid; Second, within forty-two (42) calendar days of the Settlement Effective date (a) any Named Plaintiffs' Compensation approved by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be distributed pursuant to the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.10**    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.11**    No later than February 15 of the year following the calendar year in which AAM, its insurers, or agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, AAM, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its

behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which AAM, its insurers, or agents make a transfer to the Qualified Settlement Fund.

## 6. ARTICLE 6 – PLAN OF ALLOCATION

**6.1** After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants as set forth in Paragraph 6.6 below, and to the Plan for distribution to the accounts of Current Participants as set forth in Paragraph 6.5 below, both in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2** To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their Plan account(s), as provided for in Paragraph 6.5 below, unless, as of the date of their settlement payments, they no longer have an Active Account in the Plan, in which case they shall be treated as Authorized Former Participants. Authorized Former Participants shall receive their settlement payments in the form of tax-qualified rollovers to an individual retirement account or other eligible employer plan or in the form of checks, as provided in Paragraph 6.6 below.

**6.3** Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries determined by the participant's Plan account during the Class Period and/or by the Beneficiary's own Plan account during the Class Period if an account was created in the Plan for the Participant's Beneficiary. Alternate Payees will receive settlement payments if

and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. Beneficiaries and Alternate Payees with Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Current Participants, subject to Paragraph 6.5.6 below. Beneficiaries and Alternate Payees who do not have Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Authorized Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4**     Calculation of Settlement Payments. Payments to Authorized Former Participants and Current Participants (including Beneficiaries and Alternate Payees) shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

**6.4.1**   In order to perform the calculations required under this Settlement Agreement, and pursuant to Paragraph 3.4, the Settlement Administrator shall obtain from the Plan's recordkeeper the quarter-ending account balances for all Class Members during the Class Period.

**6.4.2**   For each Authorized Former Participant and Current Participant, the Settlement Administrator shall determine an Average Account Balance, as follows:

> Each participant's average, aggregate quarter-ending account balance invested in the Plan for the period from December 27, 2017 through July 31, 2023.[2]

---

[2] Mathematically stated, the *Average Account Balance* shall be calculated as follows:

**6.4.3**   The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's pro-rata share of the Net Settlement Fund based on his or her Average Account Balance compared to the sum of the Average Account Balances for all Authorized Former Participants and Current Participants. If the dollar amount of the settlement payment to an Authorized Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Authorized Former Participant's payment or pro rata share shall be zero for all purposes.

**6.4.4**   The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Authorized Former Participants under Paragraph 6.6 of the Settlement Agreement; and (b) instructing the Plan's recordkeeper as to the amount of the Net Settlement Fund to be allocated to Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit in the Plan to fulfill this instruction.

**6.4.5**   The total amount of all tax-qualified rollovers or checks to be written by the Settlement Administrator for Authorized Former Participants, plus the total amount of all allocations that the Plan's recordkeeper is instructed to make to Current Participants may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the

---

(Q4 2017 Account Balance * 5/92)  + (Q1 2018 Account Balance) + (Q2 2018 Account Balance) + (Q8 2018 Account Balance) + (Q4 2018 Account Balance) + (Q1 2019 Account Balance) + (Q2 2019 Account Balance) + (Q3 2019 Account Balance) + (Q4 2019 Account Balance) + (Q1 2020 Account Balance) + (Q2 2020 Account Balance) + (Q3 2020 Account Balance) + (Q4 2020 Account Balance) + (Q1 2021 Account Balance) + (Q2 2021 Account Balance) + (Q3 2021 Account Balance) + (Q4 2021 Account Balance) + (Q1 2022 Account Balance) + (Q2 2022 Account Balance) + (Q3 2022 Account Balance) + (Q4 2022 Account Balance) + (Q1 2023 Account Balance) + (Q2 2023 Account Balance) + (July 31, 2023 Account Balance * 31/92)
*Divided by*
22.20 quarters during the Class Period.

Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.5**     Payments to Current Participants. Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**6.5.1**   Within five (5) Business Days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide AAM (or its designee), the Plan's recordkeeper, and Class Counsel in a format and via a delivery method mutually agreed upon by the Settlement Administrator and AAM, with an Excel spreadsheet containing the name, the amount of the settlement payment for each of the Current Participants, and any other information requested by AAM or the Plan's recordkeeper as necessary to effectuate this provision.

**6.5.2**   Thereafter, within ten (10) Business Days' written notice to AAM (or its designee, i.e., the Plan's recordkeeper), the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan of the aggregate amount of all settlement payments payable to Current Participants, as reflected in a spreadsheet provided by the Settlement Administrator. The Plan's recordkeeper shall therefore credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

**6.5.3**   The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If the Current Participant does not have an investment election on file, then such Current Participant shall be deemed to have directed such payment to be invested in

the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

**6.5.4**   The Plan's recordkeeper shall process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Settlement Administrator for any Current Participant.

**6.5.5**   The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

**6.5.6**   If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant no longer has an Active Account, he or she will be treated as an Authorized Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Article 6.6. A Current Participant who no longer has an Active Account on the date of his or her Settlement distribution need not complete a Former Participant Claim Form.

**6.6**   Payments to Authorized Former Participants. Each Authorized Former Participant will have the opportunity to elect a tax-qualified rollover of his or her settlement payment to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Claim Form, provided that the Authorized Former Participant supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Authorized Former Participant will receive his or her settlement payment directly by check. The distributions shall be issued as follows:

**6.6.1**   The Settlement Administrator will either effect the rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by the Authorized Former Participant in the Former Participant Claim Form (if the conditions for such rollover are

satisfied) and any associated paperwork necessary to effect these settlement distributions by rollover, or issue a check from the Qualified Settlement Fund to the Authorized Former Participant and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

6.6.2    For each check issued, other than a rollover, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

6.7    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms first to the Independent Fiduciary for its review and approval and second to the Court for its approval. Direct mailed or emailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.8    Within ten (10) Business Days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and AAM one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice

and/or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**6.9**    The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. AAM, Defense Counsel, Class Counsel, and the Named Plaintiffs will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

**6.10**    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from

the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.11**    All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**6.12**    No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan. Under no circumstances shall any portion of the Net Settlement Amount revert to any of the Defendants.

**6.13**    The Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

**7.    ARTICLE 7 – PROSPECTIVE RELIEF**

**7.1**    AAM agrees that the Plan will be operated with certain additional procedures as specified below for a period of no less than three (3) years from the Settlement Effective Date. During this period the Plan will retain the services of an unaffiliated investment consultant to provide: (1) an evaluation as to the suitability of the Plan's investment structure, including the number of investments, asset classes, and investment styles (passive vs. active) offered; (2) an annual evaluation of each of the Plan's investments, including each investment's fees and performance compared to a suitable peer group and specific, unaffiliated options in the same asset class; and (3) an evaluation of the suitability of replacing the Plan's current capital preservation option with a Stable Value Fund.

**8.  ARTICLE 8 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND NAMED PLAINTIFFS' COMPENSATION**

     **8.1**    Class Counsel may file a motion for an award of Attorneys' Fees, Costs, and Administrative Expenses at least thirty (30) days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Named Plaintiffs may also seek an award of Named Plaintiffs' Compensation not to exceed seven-thousand five-hundred dollars ($7,500) per Named Plaintiff, or .01% of the Gross Settlement Amount. Any such awards shall be paid from the Gross Settlement Amount. Defendants shall have no independent responsibility or liability for any amounts awarded by the Court.

     **8.2**    The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation, so long as such Attorneys' Fees do not exceed 25% of the Gross Settlement Fund ($1,875,000).

**9.  ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE**

     **9.1**    As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1) and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and all Released Parties from the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

**9.2**     As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

**9.3**     The Named Plaintiffs, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with AAM, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the Effective date of the Final Approval Order, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Members and the Plan acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**9.4**     Upon the Effective date of the Final Approval Order, the Named Plaintiffs, Class Members, and the Plan shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may

31

have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Named Plaintiffs and Class Members with respect to the Released Claims shall, upon the Effective Approval Order, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 10. ARTICLE 10 – REPRESENTATIONS AND WARRANTIES

**10.1**   The Settling Parties represent:

**10.1.1**  That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**10.1.2**  That they assume the risk of mistake as to facts or law;

**10.1.3**  That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**10.1.4**  That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**10.1.5**  That they have made such investigation of the facts pertaining to

the Settlement and all matters pertaining thereto, as they deem necessary.

**10.2**    Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 11. ARTICLE 11 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

**11.1**    The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1** Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or AAM reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2** This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**11.1.3** The Preliminary Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**11.1.4** The Preliminary Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications; or

**11.1.5** Class Representatives and Class Counsel fail to abide by a non-disparagement agreement to be executed with AAM contemporaneously with

33

this Settlement Agreement, attached hereto as Exhibit 6.

**11.2**    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Action and the Released Claims asserted by the Named Plaintiffs and Class Members shall for all purposes revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to AAM, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

**11.3**    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Named Plaintiffs' Compensation.

**11.4**    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand and AAM, on the other hand.

## 12. ARTICLE 12 – SETTLEMENT WEBSITE AND TELEPHONE LINE

**12.1**    On or before the date that the Settlement Notices are mailed or emailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Complaint, Settlement Agreement and Exhibits thereto, Settlement Notices, Former Participant Claim Form, Preliminary Order and any other Court orders related to the Settlement, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys'

Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

12.2    On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

## 13. ARTICLE 13 – GENERAL PROVISIONS

13.1    The Named Plaintiffs and Class Counsel agree that they will not at any time publicly disparage or encourage or induce others to publicly disparage any of the Defendants or Released Parties as to the Action or the Settlement, in accordance with the terms of the non-disparagement agreement executed contemporaneously with this Agreement.

13.2    The undersigned counsel, on behalf of themselves and the Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

13.3    The Named Plaintiffs, Class Counsel, and the Class Members agree that this Settlement Agreement, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants of any wrongdoing, fault, or liability whatsoever by any of Defendants, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or

any other proceeding, and Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in the Action. The Named Plaintiffs, Class Counsel, and the Class Members agree that this Settlement Agreement, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

**13.4**    Neither the Defendants, the Released Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

**13.5**    Class Counsel, Defense Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

**13.5.1** If Class Counsel, Defense Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement

that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

13.5.2  Within ten (10) business days after receiving the notice described in Paragraph 13.6.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

13.5.3  For a period of not more than ten (10) business days following mailing of the response described in Paragraph 13.6.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

13.5.4  If the dispute is not resolved during the period described in Paragraph 13.6.3, either party may request that the Court resolve the dispute;

13.5.5  In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

13.6     The Settling Parties agree that the Court has personal jurisdiction over the Named Plaintiffs, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

13.7     The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

13.8     Each Settling Party to this Settlement Agreement hereby acknowledges

that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**13.9**   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.10**   This Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

**13.11**   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.12**   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.13**   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**13.14**   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant

Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Approval Order; and Exhibit 6 – Non-Disparagement Agreement.

   **13.15** No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

   **13.16** Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE NAMED PLAINTIFFS:

> Brock Specht (bspecht@nka.com)
> Paul Lukas (Lukas@nka.com)
> Ben Bauer (bbauer@nka.com)
> NICHOLS KASTER, PLLP
> 4700 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

 IF TO AAM:

> William J. Delany (wdelany@groom.com)
> David N. Levine (delevine@groom.com)
> Hannah M. Stephens (hstephens@groom.com)
> GROOM LAW GROUP, CHARTERED
> 1701 Pennsylvania Ave., N.W. Suite 1200
> Washington, DC 20006

SIGNED ON BEHALF OF CLASS RESPRESENTATIVES Chad Rocke, Christopher Collins, and Emily Liu, Individually and as Representatives of the Class

Dated: August 18, 2023

_____

Brock J. Specht
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 256-6870
*Attorney for the Class*
*Representatives and the Class*

SIGNED ON BEHALF OF DEFENDANT Allianz Asset Management of America LLC

Dated: August <u>18</u>, 2023

_____

William J. Delany
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 857-0620
Facsimile: (202) 659-4503

*Attorney for Allianz Asset Management of America LLC and Inv. Comm. of Allianz Asset Management of America 401(k) Savings and Ret. Plan*

40

# EXHIBIT 1

**Allianz Asset Management of America 401(k) Savings and Retirement Plan Settlement Administrator**
**P.O. Box [number]**
**[City, State, ZIP]**
**[www.settlementwebsite.com]**

<u>**FORMER PARTICIPANT CLAIM FORM**</u>

JOHN Q CLASSMEMBER                                    Claim Number: 1111111
123 MAIN ST APT
1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who no longer had an Active Account in the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Plan") as of [date of preliminary approval order].

This form must be completed, signed and mailed to the Settlement Administrator with a postmark on or before _____, **2023** in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will receive their Settlement payment, if any, via check.** Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM |
|---|

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, for your records.

2.  **Mail your completed Former Participant Claim Form postmarked on or before _____, 2023 to the Settlement Administrator at the following address:**

     **Allianz Asset Management of America 401(k) Savings and Retirement Plan Settlement Administrator**
     **P.O. Box [number]**
     **[City, State, ZIP]**

     It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

     - You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

     - If you want to do a rollover and you do not fully complete the rollover information in Part 4 below, payment will be made to you by check.

     - If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator.

     - Please note that Settlement payments are subject to the Settlement Agreement receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed within 120 days of the Court's final approval order due to the need to process and verify information for all Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration, and claim processing is available on the settlement website, [www.settlementwebsite.com].

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *Rocke, et al. v. Allianz Asset Management of America, LLC, et al.*, Case No. 8:23-cv-00098-CJC-KES (C.D. Cal.). That settlement provides allocation of monies to the individual accounts of Class Members, who are persons that participated in the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Plan") at any time between December 27, 2017 and [date of preliminary approval order]. Class Members who are entitled to a distribution but who no longer had Active Accounts as of [date of preliminary approval order] ("Former Participants") will receive their allocations in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked on or before _____, 2023 to the Settlement Administrator. For more information about the settlement, please see [www.settlementwebsite.com] or call [phone number].

Because you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make a payment election, please complete and mail this Former Participant Claim Form postmarked on or before _____, 2023 to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION

First Name        Middle    Last Name

Mailing Address

City        State    Zip Code

Home Phone        Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

Email Address        M M    D D    Y Y Y Y

☐ Check here if you are a Former Participant, but did not receive this Claim Form in the mail.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name        Middle    Last Name

Your Social Security Number or Tax ID Number        Your Date of Birth

       M M    D D    Y Y Y Y

Your Mailing Address

City, State, ZIP

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

    ☐ Government 457(b)    ☐ 401(a)/401(k)    ☐ 403(b)

    ☐ Direct Rollover to a Traditional IRA    ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City    State    Zip Code

Your Account Number    Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

                                    M M   D D   Y Y Y Y

_____

**Participant Signature**           **Date Signed (Required)**

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]**

# EXHIBIT 2

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10   Chad Rocke, et al.,

11   Plaintiffs,

12   v.

13   Allianz Asset Management of America
     LLC, et al.,
14
15   Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 8:23-cv-00098-CJC-KES

**[PROPOSED] ORDER**
**GRANTING PLAINTIFFS'**
**MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION**
**SETTLEMENT**

**FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., against Allianz Asset Management of America LLC,  ("AAM") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants.  The terms of the Settlement are set out in a Class Action Settlement Agreement dated August  18, 2023 (the "Settlement Agreement"), executed by counsel for Chad Rocke, Christopher Collins, and Emily Liu (the "Class Representatives") and counsel for AAM.  Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the motion for preliminary approval, and good cause appearing therefor,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

**1.     Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.     The Settlement was negotiated after Defendants produced important documents requested by Plaintiffs;

B.     The Settlement has been negotiated in good faith at arm's-length by experienced and competent counsel familiar with the legal and factual issues of this case;

C.     Class Counsel and the Named Plaintiffs have submitted declarations in support of the Settlement; and

D.     The Settlement is sufficiently fair, reasonable, adequate, and within the range of possible approval to warrant sending notice of the Settlement to the Settlement Class.

**2.     Fairness Hearing:**  A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred twenty (120) calendar days after the date the Preliminary Order is filed]  ____, 20___, at _____.m., in Courtroom 9B of the United States District Court for the Central District of California, before the undersigned District Court Judge, to determine, among other issues:

A.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.     Whether the Court should enter the Final Approval Order, and

C.     Whether the Court should approve any motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation.

**3.     Settlement Administrator:** The Court approves and orders that Analytics Consulting, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

**4.     Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Allianz Asset Management of America 401(k) Savings and Retirement Plan at any time on or after December 27, 2017, through the date the Court enters the Preliminary Approval Order, excluding any persons with responsibility for the Plan's administrative functions or investments.

For settlement purposes, the Court appoints Paul Lukas, Brock Specht, and Ben Bauer of Nichols Kaster, PLLP, and Richard Kellner of Kellner Law Group PC as counsel for the Settlement Class. Further, the Court appoints Chad Rocke, Christopher Collins, and Emily Liu class representatives for the Settlement Class.

1     **5.**     **Class Notice**:  The Settling Parties have presented to the Court

2 proposed forms of notice regarding the settlement for mailing to Class Members

3 ("Settlement Notices") and the proposed Former Participant Claim Form to Former

4 Participants.

5     A.     The Court finds that the proposed forms and content therein fairly and

6     adequately:

7         i.     Summarize the claims asserted;

8         ii.     Describe the terms and effect of the Settlement;

9         iii.     Notify the Settlement Class that Class Counsel will seek

10 compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs,

11 Administrative Expenses, and Class Representatives' Compensation;

12         iv.     Notify the Settlement Class of the time and place of the Fairness

13 Hearing, and Class Members' right to appear; and

14         v.     Describe how the recipients of the Class Notice may object to the

15 Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or

16 Class Representatives' Compensation.

17     B.     The Settlement Administrator shall send by email or first class

18 mail the appropriate Settlement Notice to each Class Member and the Former

19 Participant Claim Form to each Former Participant within forty (40) days of the date

20 of this Order, as specified in the Settlement Agreement.  Former participants must

21 file a Former Participant Claim Form with the Settlement Administrator by [a date

22 no later than fourteen (14) calendar days before the Fairness Hearing] in order to be

23 considered for a distribution pursuant to the Plan of Allocation.

24     C.     On or before the date that notice is sent to the Settlement Class,

25 the Settlement Administrator shall establish a Settlement Website and telephone line

26 as provided by the Settlement Agreement.

27     D.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil

28 Procedure, the contents of the Settlement Notices and distribution of the Settlement

Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

**6.** **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

**7.** **Objections to Settlement**:   Any objections to any aspect of the Settlement Agreement, or to the proposed Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely sent to Class Counsel and AAM's counsel.  To be timely, the objection and any supporting documents must be sent to Class Counsel and AAM's counsel at least twenty-eight (28) days prior to the scheduled Fairness Hearing.

**8.** **Responses to Objections and Final Approval Motion**:  Any party may file a response to an objection by a Class Member at least fourteen (14) days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) days before the Fairness Hearing.

**9.** **Continuance of Hearing:** The Court may adjourn, modify, or

1  continue the Fairness Hearing without further direct notice to the Class Members,

2  other than by notice to Class Counsel.

3  **IT IS SO ORDERED.**

4

5  Dated: _____                    _____

6                                        Honorable Cormac J. Carney
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 3

<u>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA</u>

# If you participated in the Allianz Asset Management of America 401(k) Savings and Retirement Plan  (the "Plan") at any time from December 27, 2017 to [Date of Preliminary Approval Order], you are part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT

***A Federal Court authorized this notice. You are not being sued.***
***This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against Allianz Asset Management of America LLC,  ("Allianz") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee") (together, "Defendants"). The class action lawsuit involves whether Defendants violated their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- You are included as a Class Member if you participated in the Plan at any time from December 27, 2017 to [Date of Preliminary Approval] (the "Class Period").

- The Settlement will provide, among other things, for the allocation of monies to Class Members. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan between December 26, 2017 and [date of preliminary approval order] (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Current Participants who have an Active Account as of December 26, 2017, but who are determined to no longer have an Active Account at the time Settlement monies are distributed, will receive a check. Class Members who did not have an Active Account as of December 26, 2017 (referred to herein as "Former Participants") may receive their allocation in the form of a check or a rollover. A Former Participant who does not timely submit a Former Participant Claim Form will receive their distribution via check.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated August 18, 2023. Capitalized terms not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit.  All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can also be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on _____, 2023, at _____, before the Honorable Cormac J. Carney at the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, in Courtroom 9B, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation.

- Any objections to the Settlement, or to the requested Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation, must be served in writing on Class Counsel and Defendants' counsel, as identified on page 6 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A CURRENT PARTICIPANT. YOU WILL NEED TO CONTACT THE SETTLEMENT ADMINISTRATOR IF THIS IS NOT CORRECT.** | Our records indicate that you are a Current Participant. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a "Former Participant" who did not have an Active Account in the Plan as of [date of preliminary approval], or are the beneficiary or alternate payee of a Former Participant, then you must mail a Former Participant Claim Form postmarked on or before [date specified in Settlement § 3.2.9] to receive a share of the Net Settlement Amount via rollover. If you are a Former Participant, and you do not mail the Former Participant Claim Form by the above deadline, you will receive your distribution via check. If you believe you are a Former Participant, a claim form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2023)** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation, you must write to Class Counsel and Defendants' counsel (as identified on page 6 below) about why you object. |
| **YOU CAN ATTEND A HEARING ON _____, 2023** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on _____, 2023. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |

## The Class Action

The case is called *Rocke, et al. v. Allianz Asset Management of America LLC,, et al.,* Case No. 8:23-cv-00098-CJC-KES (C.D. Cal.) (the "Class Action" or "lawsuit"). The lawsuit was filed on January 17, 2023. The Court supervising the case is the U.S. District Court for the Central District of California. The individuals who brought this lawsuit are called Named Plaintiffs, and the persons they sued are called Defendants. The Named Plaintiffs, Chad Rocke, Christopher Collins, and Emily Liu, are or were participants in the Plan. The Defendants are Allianz Asset Management of America LLC, ("Allianz") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee"). The Named Plaintiffs' claims are described below, and additional information about them is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations between Parties, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $7,500,000 will be established to resolve the Class Action. The Net Settlement Amount is $7,500,000 minus any Administrative Expenses (including

taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Named Plaintiffs' Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement Of Attorneys' Fees, Costs, and Named Plaintiffs' Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-fourth of the Qualified Settlement Fund ($7,500,000). In addition, Class Counsel will also seek to recover the costs and administrative expenses associated with the settlement. Any Attorneys' Fees, Costs, and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $7,500, for each of the Named Plaintiffs who took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, producing documents, and giving overall support to the case. Any Named Plaintiffs' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation will be filed with the Court on or before [date 30 days before objection deadline]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

## BASIC INFORMATION

| **1.  Why Did I Receive This Settlement Notice?** |
|---|

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| **2. What Is The Class Action About?** |
|---|

In the Class Action, the Named Plaintiffs claim that Defendants failed to prudently manage the Plan's investment lineup in the best interest of participants and beneficiaries, and gave an improper preference to investment options affiliated with the Plan's sponsor, Allianz.

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the claims. Instead, the Named Plaintiffs and Allianz have agreed to the Settlement. The Settlement is the product of negotiations between the Named Plaintiffs and their counsel, and Allianz, and their counsel. The parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Named Plaintiffs and Class Counsel believe that the Settlement is best for all Class Members.  Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does The Settlement Provide?

Under the Settlement, Allianz will pay $7,500,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further on pages 5 and 6 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that, for a period of no less than three years from the effective date of the Settlement: (1) the Plan shall retain the services of an unaffiliated investment consultant to provide an annual evaluation of the Plan's investment lineup and review the Plan's investment policy statement; (2) Allianz Asset Management of America, L.P. shall have any revenue sharing amounts received by the Plan's recordkeeper on investments held by Plan participants rebated to Plan participants' accounts; and (3) the Plan's Investment Committee meeting minutes will include a description of the Investment Committee's rationale for the inclusion of any new Designated Investment Alternative in the Plan's investment lineup.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and the Released Parties from Released Claims. The Released Parties include Defendants' past, present, and future parent corporation(s), and their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns. The Released Claims include all claims that are or could be based on any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were or could have been asserted in the Action.  They also include all claims that that arise out of, or are related to, the same nucleus of facts alleged in the Action.  The Released Claims additionally include those that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation and/or that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

This is only a summary of the Released Parties and Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, the Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) Current Participant, or (2) a Former Participant, or (3) a Beneficiary or Alternate Payee of persons identified in (1) or (2).

The Net Settlement Amount will be divided among eligible Class Members *pro rata* based on each eligible Class Member's average quarterly Plan account balance during the Class Period. There are approximately 5,100 Class Members. Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs'' Compensation that are awarded by the Court, as these will be paid out of the gross settlement amount of $7,500,000. Class Counsel will file a motion for an award of Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than 25% of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Named Plaintiffs of no more than $7,500 each. The Court will determine the amount of fees, costs, administrative expenses, and Named Plaintiffs' compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.** If this is not correct, you need to contact the Settlement Administrator to obtain a Former Participant Claim Form. The Former Participant Claim Form will explain the next steps necessary to receive your distribution. If you are considered a Current Participant because you had an Active Account as of [date of preliminary approval order], but it is determined that you no longer have an Active Account when the Settlement is distributed to Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at Allianz Asset Management of America 401(k) Savings and Retirement Plan Settlement Administrator [mailing address].

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If

the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will occur within 120 days of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

### 8. Can I Get Out Of The Settlement?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

### 9. Do I Have A Lawyer In The Case?

The Court has appointed Paul Lukas, Brock Specht, and Ben Bauer at the law firm Nichols Kaster, PLLP in Minneapolis, Minnesota, and Richard Kellner at Kellner Law Group PC in Beverly Hills, California, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers be paid?

Class Counsel will file a motion for an award of Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than 25% of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Named Plaintiffs of no more than $7,500 each. The Court will determine the amount of fees, costs, Administrative Expenses, and Named Plaintiffs'' compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov

### 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to Defendants' counsel at the addresses below. Class Counsel will then file your objection with the court in connection with their motion for final approval. In that filing, Class Counsel will also respond to your objection. Your written objection must be mailed to Class Counsel and Allianz's counsel no later than [DATE 28 DAYS PRIOR TO FAIRNESS HEARING, PER SETTLEMENT § 3.2.7] to be considered.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| NICHOLS KASTER, PLLP<br>Attn: Allianz Retirement Plan Settlement<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Groom Law Group, Chartered<br>Will Delany<br>David Levine<br>Hannah Stephens<br>1701 Pennsylvania Ave., N.W. Suite 1200<br>Washington, DC 20006 |

.

**12. When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at _____ on _____, **2023**, at the U.S. District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, in Courtroom 9B. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation. If there are objections, the Court will consider them then.

**13. Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

**14. May I Speak At The Fairness Hearing?**

Yes. You do not need to submit a notice of your intention to appear in order to speak at the hearing, but you must comply with the requirements for making an objection (set forth above) if you wish to object.

**15. What Happens If I Do Nothing At All?**

If you are a "Current Participant" as defined on page 1, and you do nothing, you will receive your pro rata share of the Net Settlement Amount, if the Settlement is finally approved. If you are a "Former Participant" as defined on page 1, and you do nothing, you will receive your pro rata share of the Net Settlement Amount via check, if the Settlement is finally approved.

**16. How Do I Get More Information?**

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

# EXHIBIT 4

# If you participated in the Allianz Asset Management of America 401(k) Savings and Retirement Plan  (the "Plan") at any time from December 27, 2017 to [Date of Preliminary Approval Order], you are part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT

***A Federal Court authorized this notice. You are not being sued.***
***This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against Allianz Asset Management of America LLC,  ("Allianz") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee") (together, "Defendants"). The class action lawsuit involves whether Defendants violated their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- You are included as a Class Member if you participated in the Plan at any time from December 27, 2017 to [Date of Preliminary Approval] (the "Class Period").

- The Settlement will provide, among other things, for the allocation of monies to Class Members. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan between December 26, 2017 and [date of preliminary approval order] (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Current Participants who have an Active Account as of December 26, 2017, but who are determined to no longer have an Active Account at the time Settlement monies are distributed, will receive a check. Class Members who did not have an Active Account as of [Date of Preliminary Approval] (referred to herein as "Former Participants") must submit a claim form to receive their allocation in the form of a rollover. A Former Participant who does not timely submit a Former Participant Claim Form will receive their distribution via check.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated August 18, 2023. Capitalized terms not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit.  All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can also be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on _____, 2023, at _____, before the Honorable Cormac J. Carney at the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, in Courtroom 9B, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation.

- Any objections to the Settlement, or to the requested Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation, must be served in writing on Class Counsel and Defendants' counsel, as identified on page 6 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT. YOU MUST MAIL A CLAIM FORM POSTMARKED ON OR BEFORE _____, 2023 TO RECEIVE A SETTLEMENT PAYMENT VIA ROLLOVER** | Our records indicate that you are a Former Participant. You must mail a Former Participant Claim Form postmarked on or before [ten (10) calendar days before the Fairness Hearing] to receive a share of the Net Settlement Amount via rollover. If you do not mail the Former Participant Claim Form by the above deadline, you will receive your distribution via check. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2023)** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation, you must write to Class Counsel and Defendants' counsel (as identified on page 6 below) about why you object. |
| **YOU CAN ATTEND A HEARING ON _____, 2023** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on _____, 2023. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |

## The Class Action

The case is called *Rocke, et al. v. Allianz Asset Management of America LLC,, et al.,* Case No. 8:23-cv-00098-CJC-KES (C.D. Cal.) (the "Class Action" or "lawsuit"). The lawsuit was filed on January 17, 2023. The Court supervising the case is the U.S. District Court for the Central District of California. The individuals who brought this lawsuit are called Named Plaintiffs, and the persons they sued are called Defendants. The Named Plaintiffs, Chad Rocke, Christopher Collins, and Emily Liu, are or were participants in the Plan. The Defendants are Allianz Asset Management of America LLC, ("Allianz") and the Investment Committee of the Allianz Asset Management of America 401(k) Savings and Retirement Plan ("Committee"). The Named Plaintiffs' claims are described below, and additional information about them is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations between Parties, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $7,500,000 will be established to resolve the Class Action. The Net Settlement Amount is $7,500,000 minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Named Plaintiffs' Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement Of Attorneys' Fees, Costs, and Named Plaintiffs' Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or costs while this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-fourth of the Qualified Settlement Fund ($7,500,000). In addition, Class Counsel will also seek to recover the costs and administrative expenses associated with the settlement. Any Attorneys' Fees, Costs, and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $7,500, for each of the Named Plaintiffs who took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, producing documents, and giving overall support to the case. Any Named Plaintiffs' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation will be filed with the Court on or before [date 30 days before objection deadline]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

## BASIC INFORMATION

### 1.  Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2. What Is The Class Action About?

In the Class Action, the Named Plaintiffs claim that Defendants failed to prudently manage the Plan's investment lineup in the best interest of participants and beneficiaries, and gave an improper preference to investment options affiliated with the Plan's sponsor, Allianz.

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the claims. Instead, the Named Plaintiffs and Allianz have agreed to the Settlement. The Settlement is the product of negotiations between the Named Plaintiffs and their counsel, and Allianz, and their counsel. The parties have taken into account the

uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Named Plaintiffs and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does The Settlement Provide?

Under the Settlement, Allianz will pay $7,500,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees, Costs, Administrative Expenses, or Named Plaintiffs' Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further on pages 5 and 6 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that, for a period of no less than three years from the effective date of the Settlement: (1) the Plan shall retain the services of an unaffiliated investment consultant to provide an annual evaluation of the Plan's investment lineup and review the Plan's investment policy statement; (2) Allianz Asset Management of America, L.P. shall have any revenue sharing amounts received by the Plan's recordkeeper on investments held by Plan participants rebated to Plan participants' accounts; and (3) the Plan's Investment Committee meeting minutes will include a description of the Investment Committee's rationale for the inclusion of any new Designated Investment Alternative in the Plan's investment lineup.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and the Released Parties from Released Claims. The Released Parties include Defendants' past, present, and future parent corporation(s), and their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns. The Released Claims include all claims that are or could be based on any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were or could have been asserted in the Action. They also include all claims that that arise out of, or are related to, the same nucleus of facts alleged in the Action. The Released Claims additionally include those that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation and/or that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

This is only a summary of the Released Parties and Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, the Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) Current Participant, or (2) a Former Participant, or (3) a Beneficiary or Alternate Payee of persons identified in (1) or (2).

The Net Settlement Amount will be divided among eligible Class Members *pro rata* based on each eligible Class Member's average quarterly Plan account balance during the Class Period. There are approximately 5,100 Class Members. Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation that are awarded by the Court, as these will be paid out of the gross settlement amount of $7,500,000. Class Counsel will file a motion for an award of Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than 25% of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Named Plaintiffs of no more than $7,500 each. The Court will determine the amount of fees, costs, administrative expenses, and Named Plaintiffs' Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you may elect to receive your distribution by check or rollover. If you elect a rollover, you must mail a Former Participant Claim Form postmarked on or before [ten (10) calendar days before the Fairness Hearing]. If you do not mail the Former Participant Claim Form by the above deadline, you will receive your distribution via check.** You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at Allianz Asset Management of America 401(k) Savings and Retirement Plan Settlement Administrator [mailing address].

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will occur within 120 days of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## 8. Can I Get Out Of The Settlement?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

### 9. Do I Have A Lawyer In The Case?

The Court has appointed Paul Lukas, Brock Specht, and Ben Bauer at the law firm Nichols Kaster, PLLP in Minneapolis, Minnesota, and Richard Kellner at Kellner Law Group PC in Beverly Hills, California, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers be paid?

Class Counsel will file a motion for an award of Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than 25% of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Named Plaintiffs of no more than $7,500 each. The Court will determine the amount of fees, costs, Administrative Expenses, and Named Plaintiffs' compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov

### 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to Defendants' counsel at the addresses below. Class Counsel will then file your objection with the court in connection with their motion for final approval. In that filing, Class Counsel will also respond to your objection. Your written objection must be mailed to Class Counsel and Allianz's counsel no later than [DATE 28 DAYS PRIOR TO FAIRNESS HEARING, PER SETTLEMENT § 3.2.7] to be considered.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| NICHOLS KASTER, PLLP<br>Attn: Allianz Retirement Plan Settlement<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Groom Law Group, Chartered<br>Will Delany<br>David Levine<br>Hannah Stephens<br>1701 Pennsylvania Ave., N.W. Suite 1200<br>Washington, DC 20006 |

.

### 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2023, at the U.S. District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, in Courtroom 9B. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees, Costs, Administrative Expenses, and Named Plaintiffs' Compensation. If there are objections, the Court will consider them then.

**13. Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

**14. May I Speak At The Fairness Hearing?**

Yes. You do not need to submit a notice of your intention to appear in order to speak at the hearing, but you must comply with the requirements for making an objection (set forth above) if you wish to object.

**15. What Happens If I Do Nothing At All?**

If you are a "Former Participant" as defined on page 1, and you do nothing, you receive your pro rata share of the Net Settlement Amount via check, if the Settlement is finally approved.

**16. How Do I Get More Information?**

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.

# EXHIBIT 5

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Chad Rocke, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Allianz Asset Management of America LLC, et al.,<br><br>Defendants. | Case No. 8:23-cv-00098-CJC-KES<br><br>**CLASS ACTION [PROPOSED] FINAL APPROVAL ORDER**<br><br>Date:<br>Time:<br>Courtroom:<br>Hon. Cormac J. Carney |

Wherefore, this __ day of _____, 20_____, upon consideration of Plaintiffs' motion for final approval of the Class Action Settlement Agreement dated December 26, 2017 (herein the "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3.    The following Settlement Class is certified under Fed. R. Civ. P. 23(b)(1) for purposes of the Settlement:

> All participants and beneficiaries of the Allianz Asset Management of America 401(k) Savings and Retirement Plan at any time on or after December 27, 2017, through the date the Court enters the Preliminary Approval Order, excluding any persons with responsibility for the Plan's administrative functions or investments.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.    Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5.    The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6.    In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, XXXX Settlement Notices were timely distributed by email and first-class mail to all Class Members who could be identified with reasonable effort. Of those, X.X% were ultimately undeliverable. The

1  Settlement Administrator searched for updated address information for those returned
2  as undeliverable, and re-mailed notices to those Class Members.  In addition, pursuant
3  to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the
4  Attorneys General for each of the states in which a Class Member resides and the
5  Attorney General of the United States.

6      **7.**    The form and methods of notifying the Class Members of the terms and
7  conditions of the proposed Settlement Agreement met the requirements of Fed. R.
8  Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable
9  under the circumstances; and due and sufficient notices of the Fairness Hearing and
10  the rights of all Class Members have been provided to all people, powers and entities
11  entitled thereto, consistent with Federal Rules of Civil Procedure 23 and due process.

12      **8.**    The Court finds that the Settlement is fair, reasonable, and adequate,
13  based on the following findings of fact, conclusions of law, and determinations of
14  mixed fact/law questions:

15          A.    The Settlement resulted from arm's-length negotiations by
16  experienced and competent counsel familiar with the legal and factual issues of this
17  case and similar ERISA litigation;

18          B.    The Settlement was negotiated after Defendants produced
19  documents requested by Plaintiffs to help evaluate the strength their claims;

20          C.    The Settling Parties were well positioned to evaluate the value of
21  the Class Action;

22          D.    If the Settlement had not been achieved, both Plaintiffs and
23  Defendants faced the expense, risk, and uncertainty of extended litigation over the
24  next several years;

25          E.    The amount of the Settlement ($7,500,000) is fair, reasonable, and
26  adequate. The Settlement amount is within the range of reasonable settlements that
27  would have been appropriate in this case, based on the nature of the claims, the
28

potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.      The Class Representatives have actively and independently participated in the Class Action and provided important information to assist Class Counsel in their investigation of the case;

G.      The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

H.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to Class Counsel and Defendants' counsel for submission to the Court; and

I.      There were no objections to the settlement.

J.      The Settlement was reviewed by an independent fiduciary, [NAME], which has approved the Settlement.

**9.**    The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

**10.**   The Amended Complaint and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement.

**11.**   The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order

1   shall have, fully, finally, and forever settled, released, relinquished, waived, and

2   discharged Defendants, the Plan, and the Released Parties from all Released Claims,

3   and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties

4   in any action or proceeding alleging any of the Released Claims, even if any Class

5   Member may thereafter discover facts in addition to or different from those which the

6   Class Member or Class Counsel now know or believe to be true with respect to the

7   Action and the Released Claims, whether or not such Class Members have executed

8   and delivered a Former Participant Claim Form, whether or not such Class Members

9   have filed an objection to the Settlement, and whether or not the objections or claims

10   for distribution of such Class Members have been approved or allowed.

11      **12.**    The Plan shall be (i) conclusively deemed to have, and by operation of

12   the Effective Approval Order shall have, fully, finally, and forever settled, released,

13   relinquished, waived, and discharged Defendants and the Released Parties from all

14   Released Claims, and (ii) barred and enjoined from suing Defendants or the Released

15   Parties in any action or proceeding alleging any of the Released Claims, even if the

16   Plan or any Class Member on behalf of the Plan may thereafter discover facts in

17   addition to or different from those which the Plan or any Class Member now knows

18   or believes to be true with respect to the Action and the Released Claims.

19      **13.**    Each Class Member shall release Defendants, Defense Counsel, Class

20   Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys'

21   fees and expenses arising from the allocation of the Gross Settlement Amount or Net

22   Settlement Amount and for all tax liability and associated penalties and interest as

23   well as related attorneys' fees and expenses.

24      **14.**    The Court finds that it has subject matter jurisdiction over the claims

25   herein and personal jurisdiction over the Defendants and the Class Members pursuant

26   to the provisions of ERISA, and expressly retains that jurisdiction for purposes of

27   enforcing this Final Approval Order and/or the Settlement Agreement

28

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18.     Within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Cormac J. Carney
United States District Judge

# EXHIBIT 6

## NON-DISPARAGEMENT AGREEMENT

Plaintiffs Chad Rocke, Christopher Collins, and Emily Liu ("Plaintiffs"), counsel for Plaintiffs ("Class Counsel"), and Defendant Allianz Asset Management of America LLC ("AAM") (collectively, the "Parties") hereby agree to the following Non-Disparagement Agreement that governs the statements that Plaintiffs and Class Counsel may make regarding the terms of the proposed settlement reached in principle on August 18, 2023 in the matter of *Rocke v. Allianz Asset Management of America LP*, No. 8:23-cv-00098 (C.D. Cal.) (the "Settlement in Principle" in the "Action"), as well as any eventual proposed or final settlement in the Action (the "Settlement").

1.       On August 18, 2023, the Parties reached the Settlement in Principle, a material term of which was the Parties' agreement to a "[n]on-disparagement agreement, in a form acceptable to Defendants, that limits the public statements" that Plaintiffs and Class Counsel may make as to the Action and any settlement.

2.       This Non-Disparagement Agreement constitutes the non-disparagement agreement referenced in the Settlement in Principle. The Parties agree that a breach of this Non-Disparagement Agreement constitutes a material breach of the Settlement in Principle and of the Settlement.

3.       Plaintiffs and Class Counsel agree that they will not publish or disseminate, directly or indirectly, any statements, whether written or oral, that are (1) disparaging of any of AAM, its parents, subsidiaries or affiliates, and/or the past or present officers, directors, or employees of AAM or its affiliates, past and present members of the Investment Committee Allianz Asset Management of America 401(k) Savings and Retirement Plan (the "Committee"), or their advisors, agents, policies, procedures, practices, decision-making, conduct, professionalism or compliance with standards or laws and that (2) concern the Settlement in Principle, Settlement, Action, the past or present Committee members or their responsibilities or actions with respect to the Allianz Asset Management of America 401(k) Savings and Retirement Plan (the "Plan"), or the Plan. This undertaking expressly includes, but is not limited to, any statements to the press or other members of the public about the Settlement in Principle, Settlement, or resolution of the Action, whether in response to inquiries from the press or public, or otherwise.

4.       Plaintiffs and Class Counsel further agree that they will not publish or disseminate, directly or indirectly, any statements, whether written or oral, that mention by name any employee of AAM or its affiliates (other than Plaintiffs), including the past and present members of the Committee. Plaintiffs and Class Counsel further agree that they will not publish or disseminate, directly or indirectly, any statements, whether written or oral, that (1) concern the Settlement, Action, or Plan and (2) mention by name any parent, affiliate, or subsidiary of AAM, other than to describe the procedural history of the Action. This undertaking expressly includes, but is not limited to, any statements to the press or other members of the public about the Settlement in Principle, Settlement, or resolution of the Action, whether in response to inquiries from the press or public, or otherwise.

5.      Class Counsel will provide advance written notice to AAM's counsel of any statement contained in writing about the Settlement in Principle, Settlement, the Plan, the Committee or any of its past and present members, or about AAM and AAM' s past and present affiliates, or the past and present officers, directors, and employees of AAM LP and its affiliates, that it anticipates providing to the Court relating to the Action, including all motions to the Court relating to a settlement in the Action, and will also provide AAM' s counsel the opportunity to comment on such statements and the documents in which they are made.

6.      Nothing in this Non-Disparagement Agreement restricts the ability of Class Counsel to communicate with the Plaintiffs, the Class Members, or with the Court regarding the Settlement or the Action, or to accept representation of future clients who may become adverse to AAM, its parents, subsidiaries or affiliates, and/or the past or present officers, directors, or employees of AAM.

7.      This Non-Disparagement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if the agreement between the Class Counsel and AAM regarding the Settlement entered into contemporaneously with this Non-Disparagement Agreement (the "Settlement Agreement") is terminated or deemed null and void pursuant to any of the circumstances described in Articles 11.1.1 to l 1.1.4 of the Settlement Agreement.

**Plaintiffs**

08/16/2023

_Chad Rocke_

_____
Date

_____
Chad Rocke

_____
Christopher Collins

_____
Date

_____
Date

_____
Emily Liu

**Counsel for Plaintiffs**

8/18/2023

_____
Date

_____
Brock J. Specht
NICHOLS KASTER, PLLP

5.      Class Counsel will provide advance written notice to AAM's counsel of any statement contained in writing about the Settlement in Principle, Settlement, the Plan, the Committee or any of its past and present members, or about AAM and AAM' s past and present affiliates, or the past and present officers, directors, and employees of AAM LP and its affiliates, that it anticipates providing to the Court relating to the Action, including all motions to the Court relating to a settlement in the Action, and will also provide AAM' s counsel the opportunity to comment on such statements and the documents in which they are made.

6.      Nothing in this Non-Disparagement Agreement restricts the ability of Class Counsel to communicate with the Plaintiffs, the Class Members, or with the Court regarding the Settlement or the Action, or to accept representation of future clients who may become adverse to AAM, its parents, subsidiaries or affiliates, and/or the past or present officers, directors, or employees of AAM.

7.      This Non-Disparagement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if the agreement between the Class Counsel and AAM regarding the Settlement entered into contemporaneously with this Non-Disparagement Agreement (the "Settlement Agreement") is terminated or deemed null and void pursuant to any of the circumstances described in Articles 11.1.1 to l 1.1.4 of the Settlement Agreement.

**Plaintiffs**

_____          _____
Date                             Chad Rocke

08/17/2023                       _____
_____          Christopher Collins
Date


_____          _____
Date                             Emily Liu

                                 **Counsel for Plaintiffs**


_____          _____
Date                             Brock J. Specht
                                 NICHOLS KASTER, PLLP

5.      Class Counsel will provide advance written notice to AAM's counsel of any statement contained in writing about the Settlement in Principle, Settlement, the Plan, the Committee or any of its past and present members, or about AAM and AAM' s past and present affiliates, or the past and present officers, directors, and employees of AAM LP and its affiliates, that it anticipates providing to the Court relating to the Action, including all motions to the Court relating to a settlement in the Action, and will also provide AAM' s counsel the opportunity to comment on such statements and the documents in which they are made.

6.      Nothing in this Non-Disparagement Agreement restricts the ability of Class Counsel to communicate with the Plaintiffs, the Class Members, or with the Court regarding the Settlement or the Action, or to accept representation of future clients who may become adverse to AAM, its parents, subsidiaries or affiliates, and/or the past or present officers, directors, or employees of AAM.

7.      This Non-Disparagement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if the agreement between the Class Counsel and AAM regarding the Settlement entered into contemporaneously with this Non-Disparagement Agreement (the "Settlement Agreement") is terminated or deemed null and void pursuant to any of the circumstances described in Articles 11.1.1 to l 1.1.4 of the Settlement Agreement.


**Plaintiffs**

_____          _____
Date                                                     Chad Rocke

                                                          _____
_____          Christopher Collins
Date

                                                          *Emily Liu*
08/16/2023                                       _____
_____          Emily Liu
Date

                                                          **Counsel for Plaintiffs**


_____          _____
Date                                                     Brock J. Specht
                                                          NICHOLS KASTER, PLLP

**Counsel for Defendants**

August 18, 2023
_____
Date

_____
William J. Delany
GROOM LAW GROUP, CHARTERED